

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2003

# Boyce v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-2766

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Boyce v. Comm Social Security" (2003). *2003 Decisions.* Paper 703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2766
_____

REATHA M. BOYCE,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(00-cv-05877)
District Judge: Judge Joseph A. Greenaway, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2002

_____

Before: FUENTES, and GARTH, Circuit Judges, and WALLACH, Judge[*]

(Opinion Filed: March 28, 2003)

_____

OPINION

_____

_____

[*] Honorable Evan J. Wallach, United States Court of International Trade, sitting by
designation.

1

Wallach, <u>Judge</u>:

## I.

Reatha M. Boyce appeals from an order of the District Court of New Jersey affirming the decision of the Commissioner denying her application for Disability, Disability Insurance Benefits, and Supplemental Security Income on April 24, 2002.[1] The district court exercised jurisdiction over Boyce's claims challenging the Commissioner's final ruling pursuant to 42 U.S.C. § 1383(c)(3) and § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we find that the Administrative Law Judge's ("ALJ") determination was supported by substantial evidence, we affirm the decision of the district court.

Our review of the district court's legal determinations is plenary. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). However, this court is bound by an ALJ's fact findings when such findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d. Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind may accept as adequate to support the ALJ's conclusion. *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).

## II.

Boyce first argues that the ALJ dismissed her subjective complaints without analyzing those complaints in accordance with the Commissioner's regulatory protocol.

---

[1] We dispense with a full recitation of the facts as the parties are familiar with them.

She next claims that the ALJ violated the *Cotter* doctrine by "omitting evidence," "inventing" a residual functional capacity, and "concocting" a past relevant work. See *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Finally, Boyce argues that the ALJ ignored her sworn, uncontradicted testimony that her past work was as a secretary, not as a data entry clerk; and that the administrative decision violates Social Security Ruling ("SSR") 82-62.

A.

In evaluating disability claims, an ALJ is required to follow a five-step procedure set out in 20 C.F.R. § 404.1520. This analysis required that the ALJ determine whether Boyce was working; whether she suffers from a severe medical impairment that limits her ability to work; and whether the impairment meets or equals the criteria of an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. Had Boyce met these criteria, the ALJ would have found her disabled. Since she did not meet the criteria, the ALJ had to determine whether she was incapable of performing her past relevant work. If the ALJ had found her unable to perform her past work, the ALJ would have had to consider her age, education, past work experience, and residual functional capacity, and determine whether she was capable of performing any other work. *Id*. at § 404.1520(f).

The *Cotter* doctrine requires that the ALJ, in making the disability determination, express the evidence that supports the result and also indicate evidence rejected. *Cotter* 642 F.2d at 705. "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Id.* The ALJ determined

Boyce's residual functional capacity, a function-by-function assessment of an individual's ability to perform work-related activities, by using the opinion of Boyce's physician and Boyce's own testimony. SSR 96-9p. The ALJ determined that Boyce was not precluded from doing sedentary work by using the assessment of Boyce's surgeon that she could not lift more than 15 pounds at a time, stand no more than 2 hours at a time, walk no more than 30 minutes at a time, and perform no stooping. The district court properly stated that the ALJ must consider all medical evidence in the record and provide explanations for disregarding or rejecting evidence, especially when the evidence rejected is from the claimant's treating physician. However, a treating physician's opinion is not dispositive in determining a claimant's disability. 20 C.F.R. §404.1527(e)(1); § 416.927(e)(1). After reviewing contradictory evidence, Boyce's testimony, and several physicians' diagnosis, the ALJ concluded that although Boyce suffered from back and knee injuries, these injuries did not preclude her from sedentary employment. Thus, the ALJ's decision was based on substantial evidence.

B.

Boyce next argues that the ALJ dismissed her complaints of pain without analyzing them in accordance with the Commissioner's regulatory protocol. A claimant has the burden of proving that medical evidence validates her subjective claims. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992). An ALJ is required to assess a claimant's complaints of pain, but he may also consider factors such as the claimant's daily activities, measures the claimant uses to treat her pain or symptoms, and her credibility. 20 C.F.R. §

416.929(c)(3); see *Lacorte v. Bowen*, 678 F.Supp 80, 83 (D.N.J. 1988), see also *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981).  The ALJ found that Boyce's general credibility was weakened by inconsistencies in her statements and that her failure to take her prescribed pain medication undermined her claims of pain. The ALJ properly concluded that the objective medical evidence did not support a finding that Boyce suffered great limitations, and that her allegations of disabling symptoms were not credible.

C.

Finally, Boyce argues that the administrative decision violates SSR 82-62.  Work experience under SSR 82-62 is defined as "skills and abilities acquired through work previously performed."  Boyce claims that the ALJ "concocted" a past relevant work history and ascribed it to her and ignored her uncontradicted testimony that her past work was as a secretary, not as a data entry clerk.  It is undisputed that Boyce had previously worked as a secretary.  However, the ALJ determined that the duties that Boyce described in her testimony were analogous to that of a data entry clerk.  The ALJ used the definitions found in The Dictionary of Occupational Titles (4th ed. 1991) in determining what Boyce's past relevant experience entailed.  The district court reviewed the duties described in the occupational dictionary and concluded that the duties of a data entry clerk are encompassed within the duties of a secretary.  Therefore, although the ALJ's decision omitted Boyce's testimony that she was employed as a secretary, his decision to characterize her past relevant work as that of a data entry clerk was supported by substantial evidence.

-5-

**III.**

For the foregoing reasons, the judgment of the District Court will be AFFIRMED.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Evan J. Wallach

Judge